VANN ET AL. *v*. LEE ET AL.

[No. 15,902. Filed December 19, 1938. Rehearing denied February 28, 1939.]

*Anderson & Hicks, R. L. Bailey,* and *F. Laurence Anderson,* for appellants.

*Clarence Davis,* and *Ellis C. Bush,* for appellees.

BRIDWELL, J.—This appeal is from a judgment rendered in a proceeding supplemental to execution which was brought by appellee Susie Lee against appellants and the appellees Anderson and Anderson. In her verified complaint said appellee alleges in substance, among other things, that she had recovered judgment for damages in the sum of $200.00 against appellant Na-

thaniel Vann, on October 8, 1935, in the Jasper Circuit Court, which judgment "was duly rendered and given, and is in full force, and wholly unpaid;" that on October 16, 1935, she caused an execution on said judgment to be issued, and that on the following day said execution was delivered to the sheriff of Lake County, Indiana, where said Nathaniel Vann resided; that said sheriff now holds said execution, and the same is unsatisfied, and the judgment unpaid; that, on October 9, 1935, said Nathaniel Vann "with the purpose and intent to hinder, cheat, delay and defraud his creditors," including plaintiff (appellee Lee) conveyed certain described real estate owned by him to appellees Anderson and Anderson, as Trustees to reconvey, and said persons did on the same day reconvey said real estate to Appellants Nathaniel and Inez Vann, husband and wife, as tenants by the entireties, without "actual and adequate consideration" being "paid or given" for either conveyance. It is further alleged that appellant Nathaniel Vann, on and for many months prior to September 26, 1935, was engaged in the grocery and mercantile business at 1427 West 25th Avenue, in the city of Gary, Indiana, and on said day he, the appellant Inez Vann, and the appellee F. Laurence Anderson "organized" the appellant Vann Packing Company, Incorporated, with the purpose of having said corporation do a general retail merchandise and grocery business at 1427 West 25th Avenue, in the city of Gary, Indiana; that long prior to September 26, this plaintiff (appellee Lee) had filed her suit for damages against Nathaniel Vann, and that he "believing that his said stock of merchandise and groceries might become liable for his debts, and particularly for any judgment this plaintiff might recover against him, and which he expected her to recover against him, and with intent to cheat, hinder, delay and defraud his then existing creditors, and any subsequent

creditors . . . he did on the said day, September 26, 1935, convey all his right, title and interest in and to all of the stock of merchandise and groceries, fixtures and all other assets belonging to, and being a part of, said retail grocery and merchandise stock, to the defendant Vann Packing Company, Incorporated, and that said conveyance was made without any consideration whatever." The complaint also alleges that at the time of the conveyance of the real estate described, and of the transfer of the other property mentioned, said Nathaniel Vann had no other property subject to execution with which to pay or satisfy said judgment, and "unjustly refuses to apply all or any part of the real or personal property herein described in satisfaction of said judgment." The prayer of the complaint asks that the defendants thereto be required to appear forthwith and answer concerning the conveyance of said real estate and personal property; that said conveyance and transfer be set aside and the property involved delivered to the said sheriff and subjected to the payment of plaintiff's judgment. Defendants answered the complaint by general denial, but all did not join in any one answer of this character. The defendants who are appellants here each filed verified separate affirmative paragraphs of answer. No reply was filed to any of such paragraphs. No question relative to the pleadings is presented, and for that reason we refrain from setting forth the allegations of the various affirmative answers, further than to state that appellant Nathaniel Vann by his answer asserts that the real estate in question prior to its conveyance by him was held by him as Trustee for his wife, Inez Vann, the title thereto having been taken in his name for the use and benefit of his wife, Inez Vann, long before the filing of any law suit by the said Susie Lee against him, and that he, ever since taking title thereto, had held the same as such Trustee; that on or

about the 9th day of October, 1935, said Inez Vann demanded of him that said trust be terminated, and that by said conveyance he was "merely accounting for money which had come to his hands belonging to the defendant Inez Vann."

In due course the cause was submitted to the court for trial, and there was a finding and judgment in favor of appellees Anderson and Anderson that they were entitled to recover their costs from the plaintiff. The finding as to the defendants to the complaint who are appellants here was a general finding in favor of the plaintiff (the appellee Susie Lee) "on her said verified complaint; and that the statements and allegations in said verified complaint are true." The court then rendered judgment as follows:

"It is therefore, ordered by the court that the following described property of defendant Nathaniel Vann, in the hands of Nathaniel Vann and Inez Vann, husband and wife, subject to execution, to-wit: Lot seven (7), in Block 2 as marked and laid down on the recorded plat of Lincoln Park Addition to the city of Gary, Lake County, Indiana, be applied to the payment of plaintiff's judgment; and that the personal property of Nathaniel Vann, in the hands of Vann Packing Company, Incorporated, subject to execution; stock of merchandise and groceries, fixtures and all other assets belonging to and being a part of the retail grocery and merchandising store located at 1427 West 25th Avenue in the city of Gary, Indiana, be applied to the satisfaction of plaintiff's judgment, all of which said property both real and personal being not exempt from execution; that each of said conveyances of said real estate be, and they are, hereby set aside; and said deeds are hereby declared void as against this plaintiff; and that the conveyance of said personal property be, and it is, hereby set aside, and said transfer is hereby declared void as against this plaintiff; and that the said defendant Nathaniel Vann, and the defendants Inez Vann and Vann Packing Company, Incorporated, are each forbidden to sell or transfer, or in any way otherwise dispose of said real or per-

sonal property, and that said property, or so much thereof as is necessary to pay plaintiff's judgment, be delivered to the sheriff of said county, or that the said sum of plaintiff's judgment be paid to said sheriff forthwith.

"It is further ordered that the said plaintiff recover of and from the said defendant her costs in this behalf paid, laid out and expended."

Appellants each filed a separate motion for a new trial. These motions were each overruled with an exception to the party against whom the ruling was made. This appeal followed, each of the appellants filing a separate assignment of errors. Said assignments each contain seven or more specifications of error, but in their brief appellants each expressly waive all specifications save one—that the court erred in overruling the respective motions for a new trial.

Although each motion for a new trial states many alleged causes why same should be granted, only two of said causes, both of which are alleged in each motion, are sought to be presented on appeal by either of appellants. These two are (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

Upon the trial appellants sought to establish as a fact that the real estate described in the complaint was, prior to its conveyance by Nathaniel Vann, held by him as Trustee for his wife, Inez Vann; also, that said Inez Vann was a creditor of her husband, the said Nathaniel, and that said conveyance was made to liquidate the debt due from him to her. The evidence, insofar as it relates to the question of whose funds were used in purchasing said real estate, is very conflicting. There is, however, evidence from which the trial court might reasonably conclude that appellant Nathaniel Vann paid the purchase price of said real estate from his own assets, and became in fact the owner of such real estate. There

is no evidence concerning indebtedness due Inez Vann from her husband, Nathaniel Vann, which is of such probative force as to impel this court to reach a different conclusion from that reached by the trial court relevant to whether, in conveying the real estate involved, the said Nathaniel was in truth merely preferring his wife as one of his creditors. While there is evidence to show that she made payments from her own funds in reduction of mortgage indebtedness on the property, and in payment of taxes thereon, such expenditures, so far as the record discloses, were voluntarily made, and from the evidence which bears upon this question, the court may and reasonably could have decided that the relationship of debtor and creditor between the two did not exist.

It is undisputed that appellant corporation was incorporated by the appellants Vann and Vann and the appellee F. Laurence Anderson after appellee Lee had filed her complaint for damages against appellant Nathaniel Vann, and within less than a month prior to the time she secured judgment against him. There is also evidence from which the court might find that the purpose of forming this corporation was that the grocery and mercantile business being conducted at 1427 West 25th Avenue, in the city of Gary, Indiana, might be operated by, and in the name of, said corporation, and that there was an intent and purpose on the part of Nathaniel Vann to transfer the stock of groceries and merchandise to the corporation in order that no part of the same could be subject to any execution which might issue against him. In his own testimony, the said Nathaniel Vann, in answer to an inquiry made of him, stated that after conveying the real estate involved he had no other property left. It is further shown by evidence that an execution had been issued upon the judgment of appellee Lee against Nathaniel Vann, and that when, at the place of business where said grocery store was oper-

ated, the deputy sheriff made demand for the satisfaction of said execution, and told said Vann that he would have to levy upon said stock, said officer was informed by said Vann "that there was no property in his name for (upon) which he could levy." No levy was made, and the amount due, as shown by said execution, was not paid.

It is proven by evidence which is not contradicted, that appellee Susie Lee was a judgment-creditor of appellant Nathaniel Vann, recovering her judgment against him on October 8, 1935, and that, on the following day, the deed to the real estate here in question, which transferred the title thereto from Nathaniel Vann through the Andersons to Nathaniel Vann and Inez Vann, husband and wife, were executed and recorded. It also appears without conflict in the evidence that the stock of the corporation formed was to be issued, one-half to Inez Vann and the rest of it to Nathaniel Vann, with the possible exception of a qualifying share, or shares, to F. Laurence Anderson, one of the incorporators. No transfer of the groceries and merchandise is shown to have been actually made to said corporation, but there is evidence from which the trial court may have concluded that said business was being conducted as though it was, in fact, the business of such corporation.

After reading the entire evidence, we are of the opinion that the right result has been reached; that there is sufficient evidence to sustain the decision of the court; that such decision is not contrary to law, and that there was no error in overruling either of the motions for a new trial.

Judgment affirmed.